IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA

V.     NO: 3:20CV6

WILLIAM BORUM

### ORDER

Presently before the Court is the United States of America's ("government's") *motion in limine for advance ruling on the admissibility of evidence* [35], and the response of Defendant William Borum ("Borum") [36]

In its motion, the government seeks an advance ruling regarding whether the defendant's prior conviction for Criminal Sexual Conduct in Michigan is admissible based on the fact that the conviction was obtained following a *nolo contendere* plea. *Nolo contendere,* translated from Latin as "I do not wish to contend," means "no contest," and in a criminal proceeding it acts as a statement that the defendant neither accepts nor denies responsibility for the charges, but agrees to accept punishment. As a result, there is no dispute between the parties that following the Michigan conviction, Borum was required to register as a "sex offender" following the passage of the Sex Offender Registration and Notification Act ("SORNA").

In the instant prosecution for Failure to Register as a Sex Offender in violation of 18 U.S.C. §2250(a), the government must show that:

(1) The defendant is a person required to register under SORNA;
(2) The defendant traveled in interstate commerce; and
(3) That the defendant knowingly failed to register or update a registration as required by law.

The admissibility of the conviction resulting from the *nolo contendere* plea goes directly to the government's ability to prove the first prong of §2250(a).

Normally, the government would introduce certified conviction documents pursuant to Rule 803(22) of the Federal Rules of Evidence. However, Rule 803(22) provides an exception stating that evidence of final judgment of conviction is not excluded by the rule against hearsay if "the judgment was entered after a trial or guilty plea, but not a nolo contendere plea." Fed. R. Evid. 803(22). Rule 410 of the Federal Rules of Evidence regarding Pleas, Plea Discussions, and Related Statements also carves out a provision for *nolo contendere* pleas and provides:

> (a) **Prohibited Uses**. In a civil or criminal case, evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions:
> (1) A guilty plea that was later withdrawn;
> **(2) a nolo contendere plea;**
> (3) a statement made during a proceeding on either those pleas under Federal Rule of Criminal Procedure 11 or a comparable state procedure; or
> (4) a statement made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea or they resulted in a later withdrawn guilty plea.

Fed. R. Evid. 410(a)(emphasis added).

The Fifth Circuit does not appear to have considered an analogous case. However, in a case challenging the use of a conviction via a *nolo contendere* plea as impeachment evidence, the Fifth Circuit stated, "[a] judgment entered on a plea of nolo contendere adjudicates guilt with the same finality and force as a judgment entered pursuant to a guilty plea or a conviction following trial. It is well settled that a plea of nolo contendere admits 'every essential element of the offense (that is) well pleaded in the charge.'" *U.S. v. Williams,* 642 F.2d 136, 138 (5th Cir. 1981). Further explaining, the Fifth Circuit added "[o]nce convicted, whether as a result of a plea of guilty, nolo contendere, or of not guilty (followed by trial), convictions stand on the same footing, unless there be a specific statute creating a difference." *Id.* at 139.

In *U.S. v. Bridges* the Fourth Circuit considered an analogous case. Bridges was indicted in the Western District of Virginia in a single count indictment for traveling in interstate commerce and knowingly failing to update his sex offender registration, in violation of 18 U.S.C. §2250. *U.S.*

2

*v. Bridges,* 741 F.3d 464, 467 (4th Cir. 2014). A few months later Bridges filed a motion to dismiss the indictment arguing that "[b]ecause he entered a plea of *nolo contendere* and was not adjudged guilty by the state of Florida of a sex offense, he has never been 'convicted' of a sex offense 'for the purposes of federal registration requirements." *Id.* The district court ultimately denied the motion to dismiss concluding that his *nolo contendere* plea did indeed qualify as a conviction under SORNA. *Id.* Because the district court's denial of a motion to dismiss an indictment depends solely on a question of law, the Fourth Circuit reviewed the ruling de novo. The Fourth Circuit examined the history of the Sex Offender Registry, and its purpose to protect the public, and ultimately noted that in the plain language of SORNA, Congress left the statutory term "convicted" undefined, instead leaving the definition to be established by the Attorney General in the *National Guidelines for Sex Offender Registration and Notification* ("SMART Guidelines"). *Id.*(citing 73 Fed.Reg. 38,030(July 2, 2008)). The SMART Guidelines explain that the character of a "conviction" is not dependent on the "nominal changes or terminological variations" present within varying jurisdictions, and that "an adult sex offender is 'convicted' for SORNA purposes if the sex offender *remains subject to penal consequences based on the conviction*, however it may be styled." *Bridges*, 741 F.3d at 468 (2014)(citing 73 Fed.Reg. 38,030 at 38,050)(emphasis added)). The Fourth Circuit found that because Bridges suffered "penal consequences" he was effectively "convicted" of a sex offense requiring registration under SORNA despite taking a *nolo contendere* plea. *Id.* Finally, the conclusion that a *nolo contendere* plea which results in a person registering as a sex offender on the sex offender registry is admissible against the same person when faced with an indictment for failing to register is reinforced by both the Eleventh Circuit and Eighth Circuit as well. *U.S. v. Bridges,* 741 F.3d 464, 469 (4th Cir. 2014); *See U.S. v. Maupin,* 520 F.3d 1304, 1307 (11th Cir.2008)(entry of nolo contendere plea with adjudication withheld constitutes a prior conviction under 18 U.S.C. § 2252A); *U.S. v. Storer*, 413 F.3d 918, 921–22 (8th

Cir.2005) (same); *U.S. v. Mejias*, 47 F.3d 401, 404 (11th Cir.1995) (entry of nolo contendere plea with adjudication withheld constitutes a prior conviction under 21 U.S.C. § 841(b)(1)(B)).

Borum provided a portion of a Ninth Circuit opinion where the court held "that Rule 410 prohibits the admission of *nolo contendere* pleas and the convictions resulting from them as proof that the pleader actually committed the underlying crimes alleged." *U.S. v. Nguyen,* 465 F.3d 1128, 1131-32 (9th Cir. 2006). However, it is clear to this court that the analysis from the Fourth, Eleventh and Eighth Circuits do not contemplate using the *nolo contedere* pleas and their resulting convictions to prove that the underlying crime was committed. Instead, the convictions are used to evidence the punishment accepted by the defendant – which here is the requirement to register as a sex offender.

The Court finds the analyses and holdings of the Fourth, Eleventh and Eighth Circuits to be persuasive and appropriate in this case. Borum's *nolo contendere* plea resulted in him registering as a sex offender in Michigan in January of 2007 until approximately 2016. It is clear to this Court that Borum accepted the "penal consequence" of the sex offender registry requirement and complied with it for nearly 10 years before absconding from Michigan, and finding a residence in Mississippi. As contemplated by the SMART Guidelines, this acceptance of penal consequence indicates that for all intents and purposes, Borum's conviction should be admissible.

As such, the United States of America's ("government's") *motion in limine for advance ruling on the admissibility of evidence* [35] is **GRANTED.**

**SO ORDERED**, this the 15th day of October, 2021.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**