IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO: 3:20CR6

WILLIAM WARD BORUM

## ORDER

This cause comes before the Court on the United States of America's *unopposed motion to allow witness testimony by video* [39]. Having reviewed the motion and the controlling law the Court is prepared to rule.

William Borum ("Borum") has been charged on a one count indictment for failure to register as a sex offender. The government has notified the Court that it only expects to call four witnesses over the two-day trial. However, one necessary witness, Lisa Goucher, is an analyst with the Michigan State Police, Sex Offender Registry Unit. The witness, and other employees in that office are primarily teleworking due to the COVID-19 pandemic, and are also undergoing a large scale, time intensive computer/software overhaul. As a result, requiring this witness to travel via commercial airline from Michigan to Mississippi to attend the trial in person unnecessarily increases her chances of exposure to COVID-19 which could also impact her ability to testify in person anyways. Defendant Borum does not oppose the request to allow Ms. Goucher to testify via video.

The Supreme Court has not specifically addressed the use of two-way closed-circuit television for witness testimony in criminal trials. Justice Sotomayor confirmed this in her statement regarding the denial of a petition for writ of certiorari in *Wrotten v. New York* when she stated that Wrotten's question regarding two-way video testimony during his trial "is an important

one, and it is not obviously answered by *Maryland v. Craig,* 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 660 (1990)." *Wrotten v. New York,* 560 U.S. 959, 130 S.Ct. 2520, 177 L.Ed.2d 316 (2010), *cert. denied.* Justice Sotomayor continued that, in *Craig,* the Supreme Court "recognized in that case that 'a defendant's right to confront accusatory witnesses may be satisfied absent a physical, face-to-face confrontation at trial,' but 'only where denial of such confrontation is necessary to further an important public policy.'" *Id.* (citing *Maryland v. Craig,* 497 U.S. 836, 850, 110 S.Ct. 3157, 111 L.Ed.2d 660 (1990)). She further stated that "[t]he requisite finding of necessity must of course be a case-specific one." *Wrotten v. New York,* 560 U.S. 959, 130 S.Ct. 2520, 177 L.Ed.2d 316 (2010), *cert. denied.*(citing *Maryland v. Craig,* 497 U.S. 836, 855, 110 S.Ct. 3157, 111 L.Ed.2d 660 (1990)). While not ruling on the merits in *Wrotten* because it was in an interlocutory posture, Justice Sotomayor did state that "[b]ecause the use of video testimony in [Wrotten's] case arose in a strikingly different context than in *Craig*, it is not clear that the latter is controlling." *Wrotten v. New York,* 560 U.S. 959, 130 S.Ct. 2520, 177 L.Ed.2d 316 (2010), *cert. denied.*

The Fifth Circuit has previously affirmed a trial court's decision to allow a witness to testify in a criminal trial via a "two-way closed-circuit television system" over the objection of a defendant. *See Horn v. Quarterman,* 508 F.3d 306, 313 (5th Cir. 2007). They held that "Horn has not pointed to, and our independent search has not found, any post-*Craig* decision by a federal appellate court that squarely states that introduction of testimony through two-way closed-circuit television violates the Confrontation Clause." *Horn v. Quarterman,* 508 F.3d 306, 318 (5th Cir. 2007).

In light of the COVID-19 pandemic, many courts have been forced to either provide for taking a witness' testimony remotely, or to continue a trial. Specifically, during the COVID pandemic, The United States District Court for the Southern District of New York allowed two-

way video testimony of a prosecution witness in a criminal trial, finding that "[w]ith respect to the *Craig* standard, there is no question that limiting the spread of COVID-19 and protecting at-risk individuals from exposure to the virus are critically important public policies." *United States v. Donziger,* No. 11-CV-691 (LAK), 2020 WL 5152162, at *2 (S.D.N.Y. Aug. 31, 2020)(citing *Maryland v. Craig,* 497 U.S. 836, 850, 110 S.Ct. 3157, 111 L.Ed.2d 660 (1990)).

Here, Borum has consented to the witness testifying via closed circuit video conferencing, which makes this Court's analysis straightforward. Because the motion is unopposed, because it is well taken in light of the current climate of the COVID-19 pandemic, and because the Fifth Circuit has held that video testimony is available to the prosecution in criminal cases, the Court finds that the government's *unopposed motion to allow witness testimony by video* [39] is **GRANTED.**

**SO ORDERED,** this the 25th day of October, 2021.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**